## LITTLEFIELD *versus* GETCHELL.

Declarations of a party, made more than two years prior to a conveyance of land to him, and having no connexion with it, are not admissible as evidence to prove fraud in the conveyance.

If the owner of land have released the covenants in the deed of his grantor, no action can be maintained thereon by any subsequent assignee of the land.

In order to protect the grantor against such an action, it is not necessary that the release be recorded.

WRIT OF ENTRY. — The demandant conveyed the premises by a conditional deed to Jos. L. Getchell, who afterwards conveyed the same by warranty deed to the tenant in 1842. The demandant, in 1848, re-entered for condition broken.

The tenant introduces a deed of release made by the demandant to him in 1845, purporting to be in consideration of one dollar. The demandant contends that this release was fraudulently obtained, and offered a witness to prove that the tenant, when purchasing the land of Joseph, in 1842, offered to the demandant $100 for such a release. This testimony was excluded, by TENNEY, J., presiding.

The tenant having released said Joseph " from all the covenants" in his said deed, introduced him, (against the demand-

ant's objection on the ground of interest,) and examined him as a witness.

The verdict was for the tenant, and exceptions were filed by the demandant.

*Goodenow* and *Appleton*, for the demandant.

1. The rejected testimony was admissible. It tended to show the tenant's knowledge and participation in the fraud. 1 Pick. 351 ; 2 Pick. 184 ; 16 Mass. 384; 1 Story's Eq. 194, c. 6, § 186, 197, 218, 222, 308, 310, 311, 315.

2. Joseph L. Getchell was not made a competent witness by the release. He had an interest to avoid liabilities on his covenants to those who might purchase the land from the tenant. The fact, that a verdict cannot be used in evidence, is not a universal test of competency. In the case of *Bowman* v. *Whittemore*, 1 Mass. 242, the opinion of SEDGWICK is the better law. 3 Greenl. 462; 6 Greenl. 368 and cases there cited ; 14 Maine, 30 ; 4 Mass. 653 ; 5 Mass. 144; 20 Maine, 307 ; 6 Maine, 457 ; 29 Maine, 530; Greenl. Ev. § 386.

*Leland*, for the tenant.

SHEPLEY, C. J. — The demandant being the owner conveyed the premises, containing about two acres of land with a dwellinghouse thereon, with other lands to Joseph L. Getchell, on May 9, 1842, by a conditional deed; who conveyed the same to the tenant on August 15, 1842.

On February 15, 1845, the demandant released to the tenant all right, title and interest in the premises demanded, and in another lot containing about twenty acres. This conveyance is alleged to have been obtained by fraud.

It appears that Joseph L. Getchell desired to sell the lot last named to the tenant, who was unwilling to purchase it, unless he could obtain a confirmation of his title to the lot first named.

The demandant proposed to prove, that the tenant at the time, when he purchased the lot first named, "offered to pay the sum of $100, if the demandant would release to him the

condition in his deed to Joseph L. Getchell as to the house, and that the demandant refused to do it." This proposed testimony was not received ; and its exclusion constitutes the first cause of complaint. It could have proved only, what sum the tenant was willing to have paid in the year 1842, to make his title perfect. The circumstances might have materially altered before he made the purchase in 1845.

Declarations made between two and three years before the fraud was alleged to have been committed, and having no connexion with the last conveyance, could have no proper tendency to prove, that it had been obtained by fraud ; and they might well be excluded.

Although Joseph L. Getchell had received a full release of the covenants contained in his deed to the tenant, his competency to testify as a witness for the tenant was denied; and his testimony was received.

It is insisted, that he would still be liable on his covenants, which would run with the land, to any future grantee of the tenant.

When the tenant executed that release he was the owner of the land, and he alone was entitled to the benefit of those covenants. He therefore could legally discharge the witness of their burthen.

The registry of conveyances was designed to exhibit the titles to real estate ; not the rights of action, which grantees might acquire by the covenants contained in the deeds of conveyance.

The deeds of defeasance required to be recorded, by statute chap. 91, sect. 27, are such as operate upon the title to real estate ; not such as operate only upon covenants, upon which personal actions may be maintained.

Purchasers are not entitled to regard the registry as affording information respecting their rights of action on covenants contained in the deeds recorded.

In the case of *Chase* v. *Weston*, 12 N. H. 413, the re-

lease of covenants running with the land decided to be ineffectual was made by one, who had previously conveyed the estate.

*Exceptions overruled.*